UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff<br><br>v.<br><br>DEBRA KELLER, and DOES 1 to 10, inclusive,<br><br>Defendant | CASE NO. 1:13-CV-2049 AWI GSA<br><br>ORDER REMANDING MATTER TO THE MERCED COUNTY SUPERIOR COURT |

Defendant Debra Keller, who is proceeding pro se, removed this case from the Superior Court of Merced County on December 16, 2013. See Court's Docket Doc. No. 1. Defendant asserts that the basis for removal is the presence of a federal question. Specifically, Defendant contends Plaintiff sent a notice that expressly incorporates the "Protecting Tenants at Foreclosure Act of 2009," 12 U.S.C. § 5201.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042;

1   Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a
2   removed case "must be rejected if there is any doubt as to the right of removal in the first
3   instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485
4   (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district
5   court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson
6   v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is
7   mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see
8   California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court
9   "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a
10  party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

11  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded
12  complaint rule,' which provides that federal jurisdiction exists only when a federal question is
13  presented on the face of the plaintiff's properly pleaded complaint." California v. United States,
14  215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485.
15  Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the
16  plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation
17  of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at
18  1014. Thus, "a case may not be removed on the basis of a federal defense . . . even if the defense
19  is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the
20  only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Wayne v.
21  DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); see also Vaden v. Discover Bank,
22  129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere
23  inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

24  Here, Defendant has not shown that removal was appropriate. Plaintiff's Complaint is for
25  an unlawful detainer action that is based entirely on state law. Defendant states that a notice by
26  Plaintiff referenced § 5201. While that may be, the only cause of action that appears in the
27  Complaint is a single claim for unlawful detainer. There is no federal question in Plaintiff's
28  Complaint.

1   Because there is no federal question appearing in Plaintiff's Complaint, Defendant has
2 failed to invoke this Court's jurisdiction. Remand to the Merced County Superior Court is
3 appropriate and mandatory. 28 U.S.C. § 1447(c); Geographic Expeditions, 599 F.3d at 1107;
4 Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.

5   Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's
6 lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of
7 Merced County.

IT IS SO ORDERED.

Dated:   January 3, 2014          _____
                     SENIOR DISTRICT JUDGE